FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

00 AUG 18

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| CATHY C. HARRISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV 99-BU-1984-S |
| | ) | |
| CIGNA GROUP INSURANCE; CONNECTICUT GENERAL LIFE INSURANCE COMPANY; LIFE INSURANCE COMPANY OF NORTH AMERICA, | ) ) ) ) ) | **ENTERED** AUG 1 8 2000 |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Currently before this Court is Plaintiff Cathy C. Harrison's Motion for Summary Judgment, filed July 7, 2000. After careful consideration of the briefs and evidentiary materials submitted, this Court finds, for the reasons stated herein, that Cathy Harrison's motion is due to be granted in part.

### **FACTS**

Plaintiff Cathy C. Harrison was a participant in an employee welfare benefit program plan provided by her employer, Wolverine Tube, Inc., which provides, among other things, dependent accidental death and dismemberment (AD&D) insurance. Defendant Life Insurance Company of North America (LINA) issued the AD&D policy to Wolverine Tube, as the policyholder. Plaintiff also applied for and received group term life insurance

coverage on her own life and the life of her husband, Benny Harrison, under a term life plan provided to members of the Institute of Management Accounts, of which Plaintiff was a member. Under the terms of this plan, the insured member is the beneficiary with respect to the insurance on the dependent's life. This plan was provided by Connecticut General Life Insurance Company.

On June 22, 1997, Benny Harrison died from a gun shot wound to his neck. As a result of his death, benefits under the life insurance policies became payable to Plaintiff in the amount of $250,000 under the LINA dependent AD&D policy and in the amount of $24,000 under the Connecticut General term life insurance policy. Plaintiff filed claims under both policies in April of 1998.

On July 9, 1997, an Alabama Uniform Incident/Defense report supplement was executed by Terry Johnson, an investigator with the Morgan County Sheriff Department; the report indicated that the investigation into the death of Benny Harrison was still under investigation. Johnson executed another report supplement on October 23, 1997, which indicated that the state medical examiner had concluded that the death of Benny Harrison was a homicide, not a suicide.

Donald Cummings, a Benefit Analyst and Product Specialist with LINA, took the lead in a claims investigation for Plaintiff's claims under both policies. During his investigation, Cummings spoke with Johnson every two to three months. Johnson told Cummings that "Cathy Harrison was the primary and only suspect in the homicide of Benny Harrison." Cummings Aff. ¶ 5. Cummings states that the claims for insurance benefits based on the death of Benny Harrison were not paid to Plaintiff "due to the ongoing investigation . . . and

because Cathy Harrison was never cleared as the sole suspect in the homicide." *Id.* ¶ 6.

Plaintiff filed suit in the Circuit Court of Jefferson County against Defendants in order to recover the claimed benefits under the two life insurance policies and interest on those benefits. The case was properly removed to this Court on August 30, 1999. Defendants LINA and Connecticut General then filed a motion to interplead the funds of the two policies and for a declaratory judgment, asking the Court to determine the proper party to which the proceeds should be paid. Defendant allege Plaintiff is not entitled to the insurance proceeds pursuant to Ala. Code § 43-8-253(c), which provides that a named beneficiary of a life insurance policy that "feloniously and intentionally kill" the person upon whose life the policy was issued is not entitled to any benefit under that policy. Thereafter Defendants filed the proceeds from the policies and an amount representing interest on those proceeds into the Registry of the Court.

Defendants moved the Court to add certain parties who had an interest in the proceeds. As a result of said motion for declaratory judgment and Defendants' motion to add additional parties, the Court issued an order adding the following potential claimants as indispensable parties: Annette Dousay (a listed contingent beneficiary on the AD&D policy); Beau Harrison (Benny Harrison's adult child from a previous marriage); Clint Harrison (Benny Harrison's minor child from a previous marriage); and Kaitlin Harrison(the minor child of Plaintiff and Benny Harrison). The Court also joined the Morgan County District Attorney as an interested party and requested that a status report be filed under seal as to the investigation of Benny Harrison's death. Said order also appointed a guardian ad litem for each minor party and set a deadline for the filing of dispositive

motions, together with a briefing schedule.

In response to the Court's order, Plaintiff filed a motion for summary judgment, requesting the Court to order Defendants to pay the subject insurance proceeds, together with interest, to Plaintiff.[1] The Morgan County District Attorney, by and through Assistant District Attorney Stacy Adams, filed a status report, under seal, detailing its investigation into the death of Benny Harrison. With the consent of the Morgan County District Attorney, the report was made available to counsel for the parties to review. Clint Harrison and Kaitlin Harrison, by and through their respective guardians ad litem, filed oppositions to Plaintiff's motion for summary judgment, based solely on the Morgan County District Attorney's status report. The non-movants – Clint and Kaitlin Harrison – assert that the subject report establishes the existence of genuine issues of material fact and, accordingly, Plaintiff is not entitled to judgment as a matter of law.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only if the Court concludes that no genuine issue of material fact exists and that Defendant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). A party seeking summary judgment has the initial

---

[1] The Court notes Plaintiff filed her first motion for summary judgment on October 18, 1999. Doc. 11. Her second motion for summary judgment was filed on July 7, 2000. Doc. 17. The two motions are substantially the same. Therefore, the Court will enter an order finding Plaintiff's first motion for summary judgment (Doc. 11) to be "moot."

responsibility of informing this court of the grounds for its motion and specifically identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553; *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Once the moving party has satisfied this initial burden, however, the nonmoving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." *Howard v. BP Oil Company*, 32 F.3d 520, 523 (11th Cir. 1994). "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(e)); *see Cottle v. Storer Communication, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988).

All evidence and inferences are considered in a light most favorable to the nonmoving party. Carter v. City of Miami, 870 F.2d 578, 581 (11th Cir.1989). If the facts and inferences point overwhelmingly in favor of one party, such that reasonable people could not arrive at a contrary verdict, then the motion is due to be granted. Conversely, if there is substantial evidence opposed to the motion such that reasonable people, in the exercise of impartial judgment, might reach differing conclusions, then such a motion was due to be denied and the case was properly submitted to the jury. *Tidwell v. Carter Products*, 135 F.3d 1422, 1425 (11th Cir. 1998) (citing *Carter v. City of Miami*, 870 F.2d 578, 581 (11th Cir.1989)).

**DISCUSSION**

Plaintiff contends that she is entitled to a judgment in her favor awarding her the proceeds of the life insurance policies on the life of Benny Harrison. She also claims that she is entitled to interest on those proceeds.

Clint Harrison and Kaitlin Harrison, by and through their guardians ad litem, oppose Plaintiff's claim to the proceeds. Connecticut General and LINA oppose Plaintiff's claim for interest. The Court finds that there is no disputed issue of material fact as to Plaintiff's claim to the proceeds of the insurance policies on the life of Benny Harrison and, therefore, summary judgment in favor of the Plaintiff as to the insurance proceeds is due to be granted. Plaintiff's claim for interest is pretermitted and will be decided in accordance with the Court's directions set forth, *infra*.

1. **CLAIM FOR PROCEEDS**

The sole issue in this case is whether there is a preponderance of evidence that Cathy Harrison feloniously and intentionally killed Benny Harrison. Under Alabama law if Plaintiff feloniously and intentionally killed Benny Harrison, she is not entitled to the proceeds of insurance policies on his life. Ala. Code § 43-8-253(c). "A final judgment of conviction of felonious and intentional killing is conclusive for purposes of this section." *Id.* § 43-8-253(e). Plaintiff has not been convicted, or even charged, in her husband's death. "In the absence of a conviction of felonious and intentional killing the court may determine by a preponderance of

evidence whether the killing was felonious and intentional for purposes of this section. *Id.*

Plaintiff has presented evidence that she was not involved in the death of her

husband. Evidence in the record indicates that Plaintiff may be the only suspect in the murder of her Benny Harrison. However, this fact, when considered together with the status report of the district attorney's investigation and the results conclusions thereof, does not constitute sufficient evidence to allow a reasonable jury to find that Plaintiff feloniously and intentionally killed him.[2] Mere suspicion – without more – cannot defeat Plaintiff's claim of entitlement to the subject insurance proceeds.

There being no disputed issue of material fact, Plaintiff is entitled to judgment as a matter of law on her claim to be paid the proceeds from the two life insurance policies.

### B.     GUARDIANS AD LITEM FEES

The guardians ad litem in this case were appointed to represent potential minor beneficiaries of the life insurance policies at issue that were joined in this case at the behest of Connecticut General and LINA. Therefore, the Court finds that these Defendants shall be responsible for the payment of the fees to be paid the two guardians ad litem.

The guardians ad litem are directed to contact counsel for Connecticut General and LINA in an effort to resolve the payment of their fees without intervention of the Court. Counsel for Defendants and the guardians ad litem shall fill a notice or stipulation that the subject fees have been resolved on or before AUGUST 24, 2000 at high noon. However, should the guardians ad litem and Defendants be unable to agree upon the amount of a

---

[2]The Court notes that the Morgan County District attorney has filed a status report under seal. However, the gist of the report is not inconsistent with the statements of Cummings, which the Court has ordered filed. Cummings contends that, during his investigation of Plaintiff's claims, he was told that Plaintiff was "never cleared as the sole suspect in the homicide."

reasonable fee, each guardian ad litem shall file a statement of fees, including supporting affidavits and/or exhibits on or before AUGUST 24, 2000, at high noon. Defendants may file objections, if any, on AUGUST 28, 2000, at high noon.

### C. INTEREST

Plaintiff claims that she is entitled to interest on the proceeds pursuant to Ala. Code § 27-1-17(b). Connecticut General and LINA contend that they delayed or suspended payment of the proceeds for "valid and proper" purposes; however, it contends that it never denied Plaintiff's claims. At this time the Court is not inclined to award Plaintiff interest on the proceeds. However, the Court holds in abeyance its decision on this issue and will consider it with the fee claims of the guardians ad litem on or after high noon on AUGUST 28, 2000.

### D. CIGNA GROUP INSURANCE

Defendant, in their notice of removal, contend that CIGNA Group Insurance is not a legal entity subject to suit. CIGNA has not appeared in this case and there has been no effort by Plaintiff to seek a default judgment. Therefore, all claims against CIGNA Group Insurance are due to be dismissed.

### CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff's Motion for Summary Judgment is due to be granted in part. The Court finds no existing issue of material fact and that Plaintiff is entitled to judgment as a matter of law on her claim for the life insurance proceeds at issue in this case. The Court holds in abeyance its decision on Plaintiff's claim for interest on the proceeds until on or after high noon on AUGUST 28, 2000. Defendant

Connecticut General and LINA will pay the guardians ad litem a reasonable fee for their services. Said fees shall be agreed upon by Defendant and the guardians ad litem on or before high noon on August 24, 2000, or thereafter the Court shall determine such fees.

The Court will enter an Order contemporaneously herewith in accordance with this Memorandum Opinion.

DONE this __18th__ day of August, 2000.

H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE